**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-26

UNITED STATES TAX COURT

STEPHEN D. BOWERMAN AND JANI A. BOWERMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18142-10S.                    Filed March 25, 2014.

Stephen D. Bowerman and Jani A. Bowerman, pro sese.

William D. Richard, Alicia H. Eyler, and Julie L. Payne, for respondent.

SUMMARY OPINION

GOEKE, Judge: This case was heard pursuant to the provisions of section

7463[1] in effect when the petition was filed. Pursuant to section 7463(b), the

_____

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $12,102 and $26,573 in petitioners' income tax for 2007 and 2008, respectively. He also determined petitioners were liable for section 6662(a) accuracy-related penalties of $2,420.40 and $5,314.60 for the same tax years, respectively. The issues for decision are:

(1) whether petitioners are entitled to a deduction on Schedule C, Profit or Loss From Business, of $8,858 for mortgage interest for 2007. We hold they are not;

(2) whether petitioners are entitled to Schedule C deductions of $24,045 and $34,615 for contract labor for 2007 and 2008, respectively. We hold they are entitled to deduct parts of those amounts;

(3) whether petitioners are entitled to claim on Schedule C as cost of goods sold $49,550 for other costs for 2008. We hold they are entitled to claim part of that amount;

(4) whether petitioners are entitled to employee business expense deductions claimed on Schedule A, Itemized Deductions, of $13,276 and $20,782 for 2007 and 2008, respectively. We hold they are not;

(5) whether petitioners are entitled to Schedule A deductions of $5,000 for certain attorney's fees for 2007. We hold they are not;

(6) whether petitioners are liable for accuracy-related penalties under section 6662(a). We hold they are, but the penalties must be adjusted for consistency with this opinion; and

(7) whether petitioner Jani A. Bowerman qualifies for relief from joint and several liability for 2007 and 2008 under section 6015. We hold she does for part of each liability.

## Background

Petitioners are married, and they lived together in Alaska when they filed their petition. Petitioners filed joint Forms 1040, U.S. Individual Income Tax Return, for the 2007 and 2008 tax years. For those tax years Mr. Bowerman was self-employed and earned income from various construction jobs, and Mrs. Bowerman worked as an administrative assistant for UPS. Respondent issued a notice of deficiency to petitioners in May 2010, reflecting his determination of several omissions from petitioners' taxable income. The omissions resulted from petitioners' failure to report interest and dividend income to Mrs. Bowerman, unemployment income to Mr. Bowerman, and additional interest income to both petitioners. Additionally, respondent disallowed various Schedule A and

Schedule C deductions and cost of goods sold petitioners claimed on their 2007 and/or 2008 income tax returns and imposed accuracy-related penalties.

Before trial we deemed several facts established. In particular, pursuant to Rule 91(f), we deemed established petitioners' receipt of the unreported dividend, interest, and unemployment income.[2]

Three categories of issues remained for trial: (1) whether petitioners were entitled to the Schedule C deductions and cost of goods sold they claimed, (2) whether petitioners were entitled to the Schedule A miscellaneous deductions they claimed, and (3) whether petitioners were liable for accuracy-related penalties. At trial an additional issue arose: whether Mrs. Bowerman is entitled to relief from joint and several liability for 2007 and 2008.

On their 2007 Schedule C petitioners claimed an $8,858 mortgage interest deduction. For the same year they also claimed an $8,858 mortgage interest deduction on their Schedule A. Respondent disallowed the Schedule C deduction.

---

[2]Respondent proposed a stipulation of facts and exhibits to which Mr. Bowerman orally agreed. Petitioners, however, failed to provide a signed copy of the proposed stipulation of facts to respondent. Respondent moved for an order to show cause pursuant to Rule 91(f), which we granted. Petitioners failed to respond to the order. Accordingly, we issued an order that respondent's proposed stipulation of facts and exhibits be deemed established.

Petitioners reported income and expenses from Mr. Bowerman's construction business on their 2007 and 2008 Schedules C. Respondent disallowed a $24,045 deduction for contract labor for 2007, a $34,615 deduction for contract labor for 2008, and $49,550 of cost of goods sold expenses for 2008.

At trial Mr. Bowerman testified that the contract labor deductions were for payments he made to a contractor, Robert Chatman, and various day laborers. Mr. Bowerman testified that he paid these expenses in cash without corresponding employment records. Mr. Bowerman offered a signed statement from Mr. Chatman that listed the amounts Mr. Bowerman paid to Mr. Chatman in 2007 and 2008. In the statement Mr. Chatman asserted that Mr. Bowerman had paid him $14,275 and $27,500 in 2007 and 2008, respectively, and paid day laborers an additional $4,500. Mr. Bowerman further testified that his recent attempts to find Mr. Chatman have been unsuccessful.

On their 2008 Schedule C petitioners claimed cost of goods sold expenses for materials and supplies of $15,512 and for other costs of $49,550. Respondent disallowed the other costs component. Mr. Bowerman has offered numerous receipts and invoices for 2006, 2007, and 2008 to substantiate the expenses.

On their 2007 Schedule A petitioners claimed a $5,000 deduction for attorney's fees. Additionally, on their 2007 and 2008 Schedules A, petitioners

claimed deductions of $13,276 and $22,202, respectively, for employee business expenses related to Mr. Bowerman's snowplowing activities. Petitioners did not report income from snowplowing activities on their 2007 and 2008 income tax returns or indicate that Mr. Bowerman was employed by a snowplowing company. Mr. Bowerman testified at trial that he was self-employed for 2007 and 2008.

At trial Mr. Bowerman asserted that Mrs. Bowerman qualified for relief from joint and several liability. After the trial Mrs. Bowerman amended the petition to claim relief from joint and several liability.

## Discussion

### I. Burden of Proof

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any claimed deductions. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). To satisfy this burden, taxpayers must present sufficient records to substantiate their deductions. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd, 540 F.2d 821 (5th Cir.

1976); <u>Gorokhovsky v. Commissioner</u>, T.C. Memo. 2012-206, <u>aff'd</u>, __ Fed. Appx. __ (7th Cir. Oct. 22, 2013); sec. 1.6001-1, Income Tax Regs.

Cost of goods sold is subtracted from gross receipts to determine gross income. Sec. 1.61-3, Income Tax Regs. Such costs are not treated as deductions and are not subject to the same rules as deductions. <u>Metra Chem Corp. v. Commissioner</u>, 88 T.C. 654, 661 (1987); <u>Xuncax v. Commissioner</u>, T.C. Memo. 2001-226. Taxpayers are required, however, to substantiate any amounts claimed as cost of goods sold and maintain records sufficient for that purpose. <u>Xuncax v. Commissioner</u>, T.C. Memo. 2001-226; sec. 1.6001-1, Income Tax Regs.

The Commissioner bears the burden of production with respect to an accuracy-related penalty. Sec. 7491(c). To meet that burden, the Commissioner must present sufficient evidence indicating that the penalty is appropriate. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). If the Commissioner meets this burden, to avoid the penalty the taxpayer must present evidence sufficient to persuade the Court that the penalty should not apply. <u>Id.</u> at 447.

Except as otherwise provided in section 6015, taxpayers requesting relief from joint and several liability bear the burden of proof. Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), <u>aff'd</u>, 101 Fed. Appx. 34 (6th Cir. 2004).

## II. Schedule C Claims

Section 162(a) provides a deduction for certain business-related expenses. To qualify for the deduction, an item must be (1) paid or incurred during the taxable year, (2) for carrying on any trade or business, (3) an expense, (4) a necessary expense, and (5) an ordinary expense. Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). An expense is ordinary if it is normal, customary, or usual within the relevant business. See Deputy v. DuPont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113.

### A. Mortgage Interest Deduction

For 2007 petitioners claimed mortgage interest deductions of $8,858 on both their Schedule A and their Schedule C. Petitioners bear the burden of substantiating the Schedule C mortgage interest expense and proving that the expense was ordinary and necessary to Mr. Bowerman's construction business. Respondent argues that petitioners failed to prove that they incurred and paid the expense during the taxable year and that the deduction is not a mere duplicate of the Schedule A deduction. Mr. Bowerman's testimony did not address this issue, and petitioners have presented no evidence to substantiate the expense.

Accordingly, we agree with respondent and hold that petitioners have failed to carry their burden of proof regarding the Schedule C mortgage interest deduction.

B. <u>Contract Labor Deductions</u>

Petitioners claimed contract labor deductions of $24,045 and $34,615 for 2007 and 2008, respectively. At trial Mr. Bowerman testified that Mr. Chatman worked for him as a contract laborer and acted as his agent, hiring additional laborers. Mr. Bowerman produced an unsworn statement from Mr. Chatman that stated Mr. Bowerman paid Mr. Chatman $14,275 in 2007, $27,500 in 2008, and $4,500 for day laborers. Mr. Bowerman also produced several pay statements and check copies from 2007 and 2008 for other workers. From this evidence we can determine that Mr. Bowerman paid and incurred contract labor expenses of $16,000 and $30,075 in 2007 and 2008, respectively. Mr. Chatman's statement does not specify when Mr. Bowerman paid the day laborers the $4,500. Consequently, Mr. Bowerman has failed to prove he paid the $4,500 expense in either year. Mr. Bowerman has carried his burden of proof for contract labor deductions of $16,000 and $30,075 for 2007 and 2008, respectively.

C. <u>Cost of Goods Sold Expenditures</u>

For 2008 petitioners claimed a Schedule C cost of goods sold reduction in income of $65,062, which consisted of $15,512 for materials and supplies and

$49,550 for "other costs". Respondent disallowed the other costs component. Mr. Bowerman provided many of his receipts for construction expenditures he made in 2008. Although Mr. Bowerman failed to substantiate the full amount claimed, he has proven that he incurred at least $31,694.66 of cost of goods sold in 2008.

Respondent argues that petitioners have failed to prove they incurred the expenditures for a business purpose. We disagree. The evidence demonstrates that petitioners incurred the expenditures in the course of Mr. Bowerman's construction business. Respondent further argues that it is not clear whether Mr. Bowerman's receipts substantiate expenditures included in the materials component or those included in the other costs component. We agree with respondent. We hold that Mr. Bowerman substantiated $31,694.66 of his total cost of goods sold but failed to substantiate the remaining $33,367.34. We hold petitioners failed to carry their burden of proof with regard to this latter amount.

III. Schedule A Deductions

Pursuant to section 162(a), taxpayers may deduct all of the ordinary and necessary expenses they pay or incur during the taxable year in carrying on a trade or business, including expenses paid or incurred as an employee. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). To satisfy their burden of substantiation, taxpayers must present sufficient permanent records or books of account to

support the amounts of deductions claimed on the return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

A. Employee Business Expense Deduction

Petitioners claim they are entitled to deduct $13,276 and $20,782 in unreimbursed employee expenses for 2007 and 2008, respectively. The amounts consist of vehicle expenses and other business expenses. Petitioners' returns indicate that the expenses related to Mr. Bowerman's snowplowing employment. Petitioners did not report income related to Mr. Bowerman's snowplowing activity on their 2007 and 2008 returns, nor did they indicate that Mr. Bowerman was an employee of a snowplowing company during those years. At trial Mr. Bowerman admitted that he did not have any business-related expenses as an employee during 2007 and 2008 because he was not working as an employee during that time. Although the expenses are not deductible as Schedule A employee expenses, petitioners might have been able to deduct them as Schedule C business-related expenses if they had properly substantiated them.

Mr. Bowerman testified that the expenses were for vehicle maintenance, mileage, fuel, and a vehicle he purchased for Mr. Chatman. We gave petitioners ample opportunity after trial to submit supplemental documentation substantiating the expenses. Petitioners failed to do so. Accordingly, petitioners are not entitled

to deduct any of the expenses they claimed as unreimbursed employee expenses on their 2007 and 2008 Schedules A.

B. Attorney's Fees Deduction

Petitioners claimed a $5,000 deduction for 2007 for attorney's fees. Mr. Bowerman testified that the deduction was for legal fees he incurred concerning his former employment. Petitioners, however, submitted no documentation to substantiate the purpose or amounts of the expenses they incurred. Mr. Bowerman's testimony is insufficient to substantiate the expense. See secs. 162(a), 6001. Accordingly, we hold petitioners have failed to carry their burden of proving their entitlement to the $5,000 attorney's fees deduction for 2007.

IV. Accuracy-Related Penalties

Section 6662(a) and (b)(2) imposes an accuracy-related penalty if any part of an underpayment of tax resulted from a substantial understatement of income tax. The penalty is 20% of the portion of the underpayment of tax to which the section applies. Sec. 6662(d).

The Commissioner bears the burden of production on the applicability of an accuracy-related penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner meets this burden, the taxpayer bears the burden of

proving that the penalty is inappropriate because of reasonable cause and good faith. See sec. 6664(c); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent meets his burden of production by showing that petitioners' understatements of income tax are "substantial". Individuals substantially understate their income tax when they understate their tax by an amount that exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1). Petitioners' understatements exceed the threshold, even after we reduce them to account for our holdings above. Respondent has therefore met his burden of production.

Petitioners bear the burden of proving that the accuracy-related penalty is inappropriate because of reasonable cause and good faith. Whether the taxpayer acted with reasonable cause and good faith is determined by the relevant facts and circumstances, and, most importantly, the extent to which the taxpayer attempted to assess the proper tax liability. Brunsman v. Commissioner, T.C. Memo. 2003-291. Mr. Bowerman testified that "when I was inputting this stuff at night when I'd get home from work, a lot of times I wasn't paying attention to where I was sticking it * * * and sometimes I was paying attention and it would go in the right spot, and sometimes I wasn't and it wouldn't." It is clear from Mr. Bowerman's testimony that petitioners' attempts to assess the proper tax liabilities were not

made with reasonable cause or in good faith. Accordingly, we hold that petitioners' underpayments are attributable to substantial understatements of income tax, and the 20% penalty applies for both 2007 and 2008.

## V. Innocent Spouse Relief

In general, married individuals who file a joint return are jointly and severally liable for the tax arising from the return. Sec. 6013(d)(3). Section 6015 allows a spouse to obtain relief from joint and several liability in certain circumstances.

### A. Section 6015(b) Relief

A taxpayer may seek relief from joint and several liability under section 6015(b) if: (1) the taxpayer has filed a joint return for the taxable year, (2) on the return there is an understatement of tax attributable to the other taxpayer, (3) the taxpayer establishes that in signing the return she did not know and had no reason to know of the understatement, (4) taking into account the facts and circumstances, it is inequitable to hold the taxpayer liable for the deficiency attributable to the understatement, and (5) the taxpayer elects innocent spouse relief within two years of the beginning of collection activities. Respondent contends that Mrs. Bowerman has failed to satisfy the third and fourth requirements.

### 1. Knowledge Requirement

An understatement of tax may result from underreporting income or from improperly claiming deductions.  Concerning the knowledge requirement, several Courts of Appeals have distinguished between omitted income and erroneous deduction cases for purposes of determining whether a putative innocent spouse "had no reason to know" of the understatement.  See sec. 6015(b)(1)(C); Price v. Commissioner, 887 F.2d 959, 963 (9th Cir. 1989).  In omitted income cases, courts have held that taxpayers have a reason to know of an understatement if they know of the transaction giving rise to the claimed tax benefits.  Greer v. Commissioner, 595 F.3d 338, 346 (6th Cir. 2010), aff'g T.C. Memo. 2009-20.

Mrs. Bowerman does not qualify for relief from joint and several liability attributable to her omitted income.  Among the items of unreported income were interest and dividends paid solely to Mrs. Bowerman.  Additionally, the U.S. Department of the Treasury paid interest to Mr. and Mrs. Bowerman jointly.  Mrs. Bowerman had reason to know of these items because she knew of the underlying assets.  Mrs. Bowerman also does not qualify for relief from joint and several liability related to Mr. Bowerman's unreported unemployment income.  Petitioners have presented no evidence to refute Mrs. Bowerman's knowledge of this income.

Accordingly, she is ineligible for section 6015(b) relief from tax related to petitioners' unreported interest, dividend, and unemployment income.

When the understatement of tax liability results from improper deductions, courts have applied a reasonably prudent person standard to evaluate knowledge. Courts have generally found that a taxpayer knew or had reason to know of an understatement if a reasonably prudent person in the taxpayer's position would have known the return contained a substantial understatement. Reser v. Commissioner, 112 F.3d 1258, 1267 (5th Cir. 1997), aff'g in part, rev'g in part T.C. Memo. 1995-572; Resser v. Commissioner, 74 F.3d 1528, 1536 (7th Cir. 1996), rev'g T.C. Memo. 1994-241; Kistner v. Commissioner, 18 F.3d 1521, 1527 (11th Cir. 1994), rev'g T.C. Memo. 1991-463; Hayman v. Commissioner, 992 F.2d 1256, 1261 (2d Cir. 1993), aff'g T.C. Memo. 1992-228; Erdahl v. Commissioner, 930 F.2d 585, 589 (8th Cir. 1991), rev'g T.C. Memo. 1990-101. In applying this standard, we consider four factors: (1) the taxpayer's education, (2) the taxpayer's involvement in the family's financial affairs, (3) the presence of unusual or lavish expenses beyond the family's norm, and (4) the other spouse's evasiveness or deceitfulness concerning the family's finances. Price v. Commissioner, 887 F.2d at 965.

Mrs. Bowerman does qualify for relief from tax or additions to tax resulting from Mr. Bowerman's erroneous deductions.[3] On the basis of the four factors of the Price test, we hold that Mrs. Bowerman did not know or have reason to know of the understatement. First, although there is no specific evidence in the record of Mrs. Bowerman's education, her employment as an administrative assistant for UPS does not indicate any specialized knowledge of finance, business, or taxation. Second, we find credible Mr. Bowerman's testimony that Mrs. Bowerman was entirely unaware of the details of Mr. Bowerman's business. Third, nothing in the record indicates changes in family income or spending, but petitioners bear the burden of proving that no changes occurred. Because petitioners have presented no evidence on the matter, this factor weighs in respondent's favor. See Rule 142(a). Finally, we do not find that Mr. Bowerman consciously deceived Mrs. Bowerman or hid his erroneous deductions from her. However, the record demonstrates that he did not involve Mrs. Bowerman in managing his business or maintaining his records. Considering these factors, we hold Mrs. Bowerman had no reason to know of her husband's erroneous deductions.

---

[3]For purposes of this section, we include Schedule A itemized deductions, Schedule C business deductions, and Schedule C cost of goods sold expenditures under the umbrella term "erroneous deductions" (even though cost of goods sold is a reduction in gross receipts, not a deduction).

## 2. Equity Requirement

Respondent argues that it would not be inequitable to hold Mrs. Bowerman liable for Mr. Bowerman's errors. We disagree. In analyzing the equity of imposing liability, we must consider all of the facts and circumstances, including whether the requesting spouse significantly benefited from the understatement. Sec. 1.6015-2(d), Income Tax Regs. The record does not indicate that Mrs. Bowerman significantly benefited from the erroneous deductions. Accordingly, we believe fairness dictates granting Mrs. Bowerman relief from joint and several liability for tax or additions to tax related to Mr. Bowerman's improper deductions.

Because none of the other requirements of section 6015(b) are in dispute, we hold Mrs. Bowerman is entitled to relief from joint and several liability for tax or additions to tax related to Mr. Bowerman's improper deductions for 2007 and 2008.

## B. Section 6015(c) or (f) Relief

Section 6015 allows a spouse to obtain relief from joint and several liability in three different circumstances. First, a taxpayer may seek relief under section 6015(b), outlined above. We hold Mrs. Bowerman is entitled to section 6015(b) relief for the erroneous deductions, not the items of omitted income. Second, a

requesting spouse may seek relief under section 6015(c) if the requesting spouse is no longer married to or is legally separated from the nonrequesting spouse. Mrs. Bowerman fails to qualify for any relief under section 6015(c) because she is still married to and resides with Mr. Bowerman.

Third, a requesting spouse who does not qualify for relief under section 6015(b) or (c) may nonetheless avoid joint and several liability if, taking into account all the facts and circumstances, the Secretary determines it is inequitable to hold that individual liable for any unpaid tax or deficiency. Sec. 6015(f). Rev. Proc. 2013-34, 2013-43 I.R.B. 397, provides a list of factors that the Commissioner will consider in making a section 6015(f) determination. The factors include: marital status, economic hardship, knowledge or reason to know, the nonrequesting spouse's legal obligation, significant benefit, compliance with income tax laws, and mental or physical health. Rev. Proc. 2013-34, sec. 4.03, 2013-34 I.R.B. at 400-403.

Mrs. Bowerman fails to qualify for relief under section 6015(f) for the omitted income because such relief is based on the facts and circumstances and Mrs. Bowerman has given no facts or circumstances that indicate denying relief would be inequitable. Mrs. Bowerman bears the burden of proving facts and circumstances relating to the factors specified in Rev. Proc. 2013-34, supra. See

Rule 142(a)(1). Moreover, the fact that nearly all of the items of omitted income bore Mrs. Bowerman's name leads us to conclude that Mrs. Bowerman does not qualify for relief under section 6015(f) for the items of omitted income.

Because Mrs. Bowerman has not satisfied the requirements of section 6015(c) or (f), we hold she is not entitled to relief from joint and several liability for tax or additions to tax related to the items of omitted income.

To reflect the foregoing and petitioners' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.